IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE,<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM-1<br><br>**ORDER DENYING APPEALS OF MAGISTRATE JUDGE ORDERS** |
| IN RE CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>Objector. | Case No. 22-mc-00008-DKW-KJM |

This appeal asks whether the assigned Magistrate Judge clearly erred or acted contrary to law in denying Defendant Michael J. Miske's motion to seal numerous exhibits filed in connection with his first motion to compel discovery. Defendant and the government argue that the Magistrate Judge did so because, *inter alia*, the first motion to compel is only "tangentially related to the merits" of this case.   Civil Beat Law Center for the Public Interest, the objector here, asserts the converse and urges affirmance of the Magistrate Judge's decision on that basis.

Having reviewed the parties' briefing and the record, while the Court may not necessarily agree with the reasoning of the Magistrate Judge, the Court is

unconvinced that the Magistrate Judge clearly erred in denying the motion to seal. Notably, review of the at-issue first motion to compel reflects that Miske's arguments made therein closely relate to the merits of this case–whether Miske is guilty or not guilty of the crimes charged.   The Court also finds that Civil Beat has, at least, a common law right of access.   As a result, for the reasons more fully set forth herein, Defendant's appeals in this regard, Dkt. Nos. 470 & 515, are DENIED.[1]

## RELEVANT PROCEDURAL BACKGROUND

On December 20, 2021, Defendant filed a motion to seal exhibits 10 through 45 to his first motion to compel discovery (motion to seal).   Dkt. No. 447.   A week later, Miske filed his first motion to compel discovery (first motion to compel), as well as a 57-page memorandum in support of the same.   Dkt. Nos. 450 & 450-2.

On January 7, 2022, Civil Beat Law Center for the Public Interest (Civil Beat) initiated a new case, objecting to the motion to seal.   Case No. 22-mc-00008-DKW-KJM, Dkt. No. 1.   On January 17, 2022, Defendant replied to Civil Beat's objection.   Dkt. No. 456.

---

[1] Unless otherwise noted, citations to the record are to docket entries filed in Case No. 19-cr-99-DKW-KJM-1.

On January 28, 2022, the assigned Magistrate Judge denied without prejudice the motion to seal (Magistrate Judge Order).   Dkt. No. 466.   More specifically, the Magistrate Judge found that the first motion to compel and the exhibits attached thereto were more than tangentially related to this case and, thus, it was necessary for Defendant to show "compelling reasons" for sealing the exhibits.   *Id*. at 14-16.   The Magistrate Judge further concluded that Defendant had failed to show such "compelling reasons."   *Id*. at 16-17.   Finally, the Magistrate Judge instructed all of the parties−Defendant, the government, and Civil Beat−to "meet and confer" in order to agree upon which exhibits to unseal and which could remain sealed.   *Id*. at 18.[2]

On February 11, 2022, Defendant appealed the Magistrate Judge Order. Dkt. No. 470.   The government filed a "memorandum" relating to Defendant's appeal, Dkt. No. 472, and Civil Beat filed an opposition, Case No. 22-mc-00008-DKW-KJM, Dkt. No. 7.

On March 2, 2022, this Court remanded the Magistrate Judge Order for clarification.   Dkt. No. 477.   In particular, with respect to a matter pertinent to the "more than tangentially related to the merits" question, the Court asked whether, in

---

[2]The first motion to compel was not resolved in the Magistrate Judge Order, is not resolved herein, and remains pending.

ruling on the motion to seal, the Magistrate Judge relied on the first motion to compel, the subject exhibits, or a combination of both.   *Id*. at 1-2.

Shortly thereafter, the Magistrate Judge clarified that the motion to seal was denied without prejudice due to the allegations of constitutional deprivations "ensconced" in the first motion to compel (Clarification Order).   Dkt. No. 478.

On March 18, 2022, Defendant filed an appeal of the Clarification Order. Dkt. No. 515.   The government filed another "memorandum" relating to Defendant's appeal, Dkt. No. 521, and Civil Beat filed another opposition, Case No. 22-mc-00008-DKW-KJM, Dkt. No. 11.

This Order follows.

## STANDARD OF REVIEW

Pursuant to Section 636(b)(1)(A) of Title 28, with certain exceptions not applicable here, a district court may reconsider the decision of a Magistrate Judge on a pretrial matter, such as a motion to file documents under seal, only when the decision is clearly erroneous or contrary to law.

## DISCUSSION

In the instant two appeals, Defendant raises the following arguments for overturning the Magistrate Judge's denial of his motion to seal: (1) there is no presumptive right of access to "discovery documents"; (2) the Magistrate Judge

incorrectly applied the "compelling reasons" standard; (3) the "good cause"

standard has been met; and (4) the "concerning" nature of the requirement to "meet

and confer" with Civil Beat.[3]   Each contention is addressed below.

## I.   **"Compelling Reasons" Applies**

The Ninth Circuit has explained that a party must demonstrate "compelling

reasons" to keep documents under seal when the motion to which the documents

pertain is "more than tangentially related to the merits of the case…."   *Ctr. for*

*Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016); *id*. at

1099 ("The focus in all of our cases is on whether the motion at issue is more than

tangentially related to the underlying cause of action.").

Here, Defendant argues that the first motion to compel is not tangentially

related to the merits of this case because, although the motion may implicate his

constitutional rights, virtually every criminal discovery motion does, and this one

does not seek to resolve the underlying charges or address the merits of the same.

Dkt. No. 470-2 at 12-14, 16-20.   The government makes a similar argument.

Dkt. No. 521 at 10-13.

---

[3]In his original appeal, Defendant also argued that the Magistrate Judge erred in considering the *exhibits* he sought to seal instead of the *motion to compel* when determining what standard of review to employ.   Dkt. No. 470-2 at 15-16.   Defendant has now withdrawn this argument in light of the Clarification Order.   Dkt. No. 515 at 2.

As an initial matter, the Court agrees that, if the basis for the first motion to compel was solely an invocation of Miske's constitutional rights under the Fifth and Sixth Amendments, the first motion to compel would not be more than tangentially related to the merits of this case.   Nearly every criminal discovery motion could be said to implicate such rights, rendering it entirely unnecessary for the Ninth Circuit and other courts to have parsed the sealing standards in the way they have.   The invocation of rights to evidence alone, in other words, could easily have nothing to do with the merits.

The first motion to compel, though, contains far more than a simple invocation of rights to evidence.   Instead, in a more than tangential way, the first motion to compel addresses the merits of this case.   The premise of the first motion to compel is that the government has failed to comply with its obligations under the Constitution and the Federal Rules of Criminal Procedure for production of evidence.   Dkt. No. 450-2 at 1-3.   After this introduction, Defendant provides examples of the evidence that has either not been produced or been concealed by redactions.   *Id*. at 7-55.   Importantly, in nearly every one of Defendant's examples, he asserts that the withheld information relates to his alleged innocence with respect to one or more of the charged crimes.   For instance, Defendant argues that evidence seized from his residences and businesses and documents obtained

6

from witnesses will undermine the contention that he ran a "racketeering enterprise" instead of a legitimate business.   *Id* at 10, 30.   He argues that redactions in wiretap applications go "directly to the issues whether the drug conspiracy charged in Count 16 exists…."   *Id*. at 29.   He argues that witness reports "negate" the government's claim that an individual was murdered as charged.   *Id*. at 37-38.   And he argues that unproduced and/or redacted information "points to suspects other than the defendant" as having committed a charged murder.   *Id*. at 39.

To be clear, these are arguments Defendant makes in the underlying first motion to compel.   The arguments may have no merit, and the exhibits to which they cite may not support the claims he advances.   But the relevant point here is that, in the *first motion to compel*, the document that both Defendant and the government acknowledge is the focus of the instant inquiry, Defendant repeatedly and at-length argues that unproduced or excessively-redacted evidence will support his contention that he is not guilty of at least some of the offenses charged in this case.   In that light, the Court finds that the first motion to compel is more than tangentially related to the merits of this case.[4]

---

[4]The Court, thus, disagrees with Defendant and the government that the first motion to compel is like the Rule 17(c) materials at issue in *United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018). *See* Dkt. No. 515 at 3-4; Dkt. No. 521 at 12-13.   In *Sleugh*, in requesting the Rule 17(c)

As a result, Defendant must provide "compelling reasons" for sealing the subject exhibits.   *Ctr. for Auto Safety*, 809 F.3d at 1102.   Defendant, however, does not attempt to do so.   *See generally* Dkt. No. 470-2; Dkt. No. 515.   Instead, he argues solely that the "good cause" standard should apply (and has been met). Dkt. No. 470-2 at 20-22; Dkt. No. 515 at 5.   Because the Court disagrees, there is no basis to overturn the Magistrate Judge's decision in that respect.

## II.   <u>A Common Law Right of Access Exists Here</u>

The Ninth Circuit has explained that the public's right to access judicial records and documents exists, under certain circumstances, pursuant to the First Amendment and the common law.   *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir. 2018).   With respect to the common law, the Ninth Circuit offers that there is a "strong presumption in favor of access to court records."   *Id*.   At the same time, taking guidance from its First Circuit brethren, the Ninth Circuit has determined that there is no common law right of access to Rule 17(c) materials because the same "relate merely to the judge's trial management role, not the adjudication process."   *Id*. at 1014 (quotation omitted).   The Ninth Circuit further

---

materials, the defendant "did not specify any particular portion of Boyd's testimony as problematic…."   *Sleugh*, 896 F.3d at 1011.   In contrast, here, as discussed, Defendant has argued that the evidence he seeks will support the position that he is not guilty of the charged offenses.

explained that the First Circuit's conclusion on the common law right of access was "consistent" with the decision in *Ctr. for Auto Safety*, as Rule 17(c) subpoenas "are ordinarily only tangentially related to the underlying cause of action."   *Id.* (quotation omitted).

As discussed, however, here, the first motion to compel is more than tangentially related to the merits of this case and is different from the Rule 17(c) materials sought in *Sleugh*.   In other words, in light of the arguments made in the first motion to compel, the Court finds that the motion does not "relate merely to the judge's trial management role" and has much more to do with the adjudication process.   Therefore, in this instance, the Court finds that a common law right of access exists to the exhibits attached to the first motion to compel.[5]

## III.   <u>Meet and Confer</u>

Defendant objects to the Magistrate Judge's instruction for all of the parties, including Civil Beat, to meet and confer with respect to the exhibits at issue.   Dkt. No. 470-2 at 25-26.   As Civil Beat points out, though, this objection may be based upon a misunderstanding.   *See* Case No. 22-mc-00008, Dkt. No. 7 at 21. Moreover, other than simply disagreeing with the Magistrate Judge's decision in

---

[5]The Court, thus, need not (and does not) address whether a First Amendment right of access exists here.

this regard, Defendant points to no clear error with the same, nor does he offer any explanation why it is contrary to law and, on that basis, the Court declines to disturb it.

## **CONCLUSION**

For the reasons set forth herein, Defendant's appeals, Dkt. Nos. 470 & Dkt. No. 515, of the Magistrate Judge's Orders of January 28, 2022 and March 4, 2022 are DENIED.

The Court notes the following with respect to the consequences of this denial.   Pursuant to the Local Rules, specifically, Local Civil Rule 5.2(c),[6] when a motion to seal is denied, "the movant shall inform the court within four (4) days whether it wants to withdraw the document or have [the document] filed publicly. If the court does not receive such notification within four (4) days, the document will be returned to the movant."   In this light, within four days of entry of this Order, which affirms the denial of the motion to seal, Defendant must inform the Court whether he wishes to withdraw the exhibits at issue in this matter.   Should Defendant choose to withdraw the exhibits (or should he fail to provide the required notification), he may still elect to proceed with the first motion to compel in whole or in part−the subject exhibits, though, will be withdrawn.   Should

---

[6] Local Civil Rule 5.2(c) is made applicable to this criminal case by Local Criminal Rule 12.3.

Defendant choose not to withdraw the exhibits, however, he (along with the other

parties) must comply with the instructions of the Magistrate Judge.

IT IS SO ORDERED.

Dated: April 8, 2022 at Honolulu, Hawaiʻi.


Derrick K. Watson
United States District Judge